SEC P
FILED
2005 MR 24 AM 11: 24
U.S. CLERK'S OFFICE
BY:
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CLYDE DENNIS GLENN, Petitioner, | § § § | CV05-1101 A |
| V. | § § | A-05-CA-178-SS |
| RICHARD L. STALDER, Respondent. | § § § | JUDGE LITTLE MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To: The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## STATEMENT OF THE CASE

Petitioner was convicted in the 27th Judicial District Court of Lampasas County, Texas, of burglary of a building, enhanced to a second degree felony. He was sentenced to 20 years in prison. On appeal the trial court's judgment was modified to reflect a conviction for burglary of a building without enhancement and, as modified, was affirmed with respect to the finding of guilt. Glenn v. State, No. 03-03-00212-CR, 2003 WL 22409453 (Tex. App. – Austin 2003). However, the

judgment was reversed with respect to the sentence, and the cause was remanded to the trial court for reassessment of punishment within the range provided. Id. After remand, Petitioner asserts he was sentenced to time served. Petitioner is no longer in custody pursuant to the Lampasas County conviction. Instead, he is in a Louisiana prison serving time on a parole revocation. According to Petitioner, his Louisiana parole was revoked as a result of the Lampasas County conviction.

## DISCUSSION AND ANALYSIS

Petitioner's direct challenge of his Lampasas County conviction is barred from federal habeas review. Federal habeas corpus relief is available only for persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a). A habeas petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time the petition is filed. Maleng v. Cook, 490 U.S. 488, 491, 109 S. Ct. 1923, 1925 (1989). Petitioner is not serving a sentence imposed pursuant to the Lampasas County conviction. Therefore, he cannot bring a federal habeas petition directed solely at that charge.

## RECOMMENDATION

Accordingly, the Court recommends that Petitioner's application for writ of habeas corpus be dismissed without prejudice for want of jurisdiction.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

The Clerk is directed to send a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 23rd day of March, 2005.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE