U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
SEP 0 1 2005
ROBERT H. SHEMWELL, CLERK
BY _____ 
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CLYDE DENNIS GLENN | DOCKET NO: 1:05 CV 1101 |
| | SECTION P |
| VS. | JUDGE ~~DRELL~~ Little |
| WARDEN, AVOYELLES BUNKIE | MAGISTRATE JUDGE KIRK |
| DETENTION CENTER | |

## REPORT AND RECOMMENDATION

Before this Court is a petition for *habeas corpus* relief filed pursuant to 28 U.S.C. § 2254, by *pro se* petitioner, **CLYDE DENNIS GLENN** ("Petitioner"), on June 22, 2005. Petitioner is currently incarcerated at the Avoyelles Bunkie Detention ("AVDC") Center in Evergreen, Louisiana and names AVDC Warden and Richard Stalder as respondents.

## FACTS AND PROCEDURAL HISTORY

On February 27, 2003, petitioner was convicted of (1) one count of burglary of a building, in the Twenty-seventh Judicial District Court of Texas ("27th JDC") in Lampasas County, Tx. Petitioner was sentenced to twenty months. [Rec. Doc. 1, p.1]

Petitioner asserts that he directly appealed his conviction. [Rec. Doc. 1-1, p. 2]. He states that he filed an application for

1

post-conviction relief in the 27th J.D.C. in Texas and the Texas Criminal Court of Appeals. [Doc. 1-1, p. 3] On February 9 2005, and that appeal was denied. [Id.].

According to Petitioner, he was convicted in Louisiana on December 18, 1987 in the 3rd J.D.C. and served his sentence. Afer release, he was convicted in Texas of the burglary. Louisiana revoked his parole because of the Texas felony conviction. Petitioner asserts that he has writs pending in the Louisiana State courts.

**STATEMENT OF CLAIM**

The instant petition admits that Petitioner did not directly appeal his parole revocation in the Louisiana State courts. [Rec. Doc. 1-1, p.6].

**LAW AND ANALYSIS**

*Habeas corpus* relief is available to a person who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254. However, the right to pursue *habeas* relief in federal court is qualified. The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding is well established. 28 § U.S.C. §2254; See also, Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

The exhaustion requirement is designed to protest the state courts' role in the enforcement of federal law and prevent the

2

disruption of state judicial proceedings . <u>Lundy</u>, 455 U.S. at 518. In order to exhaust, a petitioner must fairly present all of his claims to the state's highest court. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 119 S.Ct. 1728, 1732-33 (1999); <u>Magouirk v. Phillips</u>, 144 F.3d 348 (5th Cir. 1998) *citing* <u>Richardson v. Procunier</u>, 762 F.2d 429, 431-32 (5th Cir. 1985); <u>Deters v. Collins</u>, 985 F.2d 789, 795 (5th Cir.1993); <u>Richardson v. Procunier</u>, 762 F.2d 429 (5th Cir. 1985). The exhaustion of state remedies assists the federal courts by developing a factual record, allowing the application of the state's correctional expertise to the prisoner's claims, and hopefully resolving disputed issues without the necessity of federal court intervention. <u>McCullough v. Johnson</u>, 2001 WL 301400 (N.D. Tex)*citing*, <u>McKart v. United States</u>, 395 U.S. 185, 193-195, 89 S.Ct. 1657, 1662-1663(1969).

In the instant case, the *habeas* petition clearly reflects petitioner's failure to exhaust Louisiana state court remedies before proceeding to this Court for review. Petitioner admits he did not directly appeal his parole revocation. [Rec. Doc. 1-1. P. 6]. Thus, there exists an available corrective process in the state courts to protect petitioner's rights.

**Accordingly,**

**IT IS RECOMMENDED** that petitioner's claim for *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE** so that the petitioner may exhaust state court remedies.

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have **ten (10) calender days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except upon grounds of plain error.**[1]

---

[1] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

4

**THIS DONE AND SIGNED** in Alexandria, Louisiana on this 1st day of September, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE